1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROCKY D. FROEMEL,

11           Plaintiff,                    No. 2:11-cv-3207-DAD P

12       vs.

13   MATTHEW CATE, et al.,

14           Defendants.              <u>ORDER</u>

15   _____/

16           On March 20, 2012, this action was closed following the court's receipt of what

17   appeared to be a notification from plaintiff that he wished to voluntarily dismiss this case.

18   However, on May 8, 2012, plaintiff filed a letter informing the court that he did not request that

19   this action be dismissed and that he suspects anything filed with the court indicating as much was

20   a "forged document."  In the interest of justice, the court will order that this action be re-opened.

21   In addition, the court will now consider plaintiff's request to proceed in forma pauperis and will

22   screen his civil rights complaint.

23   **I. Request to Proceed In Forma Pauperis**

24           In response to the court's December 14, 2011 order, plaintiff filed an in forma

25   pauperis application on December 23, 2011.  (Doc. No. 8.)  The application makes the showing

26   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

1   pauperis.

2          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

3   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff will be assessed an initial partial filing fee of 20

4   percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the

5   average monthly balance in plaintiff's account for the 6-month period immediately preceding the

6   filing of this action.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the

7   appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and

8   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

9   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

10  account.  These payments will be collected and forwarded by the appropriate agency to the Clerk

11  of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is

12  paid in full.  See 28 U.S.C. § 1915(b)(2).

13  **II.  Screening Requirement**

14         The court is required to screen complaints brought by prisoners seeking relief

15  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

16  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

17  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

18  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

19  U.S.C. § 1915A(b)(1) & (2).

20         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

21  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

22  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

23  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

24  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

25  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

26  Cir. 1989); Franklin, 745 F.2d at 1227.

1       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

2  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

5  (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

6  elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

7  assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S.

8  Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg.

10  Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading

11  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13       In his complaint, plaintiff alleges that he has not been seen by prison medical staff

14  for injuries to his spine, shoulders and hips, that his methadone treatment has been decreased

15  thereby causing him to suffer severe pain and withdrawals, that his cane has been confiscated,

16  and his assignments to a lower tier and lower bunk have been revoked. Plaintiff alleges that his

17  treatment is in violation of the Fourteenth Amendment. Plaintiff is advised that an inadequate

18  medical care claim by a state prisoner is properly brought under the Eighth Amendment, not the

19  Fourteenth Amendment. The court also finds that plaintiff has not set forth sufficient allegations

20  in his complaint to state a cognizable claims that the named defendants were deliberately

21  indifferent to his serious medical needs.

22       Although the Federal Rules adopt a flexible pleading policy, a complaint must

23  give fair notice to the defendants and must allege facts that support the elements of the claim

24  plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

25  Plaintiff must allege with at least some degree of particularity overt acts which he claims the

26  defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with

1  the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

2  however, grant leave to file an amended complaint.

3  **III.  Legal Standard for Eighth Amendment Claim**

4          The unnecessary and wanton infliction of pain constitutes cruel and unusual

5  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

6  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

7  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove

8  that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

9  acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

10  Seiter, 501 U.S. 294, 298-99 (1991).

11          Where a prisoner's Eighth Amendment claims arise in the context of medical

12  care, including mental health care, the prisoner must allege and prove "acts or omissions

13  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429

14  U.S. at 106.  See also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v.

15  Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An Eighth Amendment medical claim has two

16  elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's

17  response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on

18  other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

19          A medical need is serious "if the failure to treat the prisoner's condition could

20  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

21  McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

22  serious medical need include "the presence of a medical condition that significantly affects an

23  individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical

24  need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

25  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

26  /////

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. <u>Farmer</u>, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).  <u>See</u> <u>also</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); <u>McGuckin</u>, 974 F.2d at 1059 (same).  In addition, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  <u>See</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1334 (9th Cir. 1981).

**IV.  Amended Complaint**

In his amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). /////

1    Plaintiff should provide specific facts and dates as to the medical care he sought,

2    his efforts to obtain medical care, and allege facts which if proven will demonstrate that his

3    medical care was constitutionally inadequate.  Plaintiff may also attach to his complaint copies of

4    his medical records, administrative grievances and responses to those appeals which he believes

5    support his claim.

6    Plaintiff is informed that the court cannot refer to a prior pleading in order to

7    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8    complaint be complete in itself without reference to any prior pleading.  This is because, as a

9    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

10   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13                                    CONCLUSION

14   According, IT IS HEREBY ORDERED that:

15   1.  This action is re-opened.

16   2.  Plaintiff's December 23, 2011 application to proceed in forma pauperis is

17   granted.

18   3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19   Plaintiff is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance

20   with this court's order to the Director of the California Department of Corrections and

21   Rehabilitation filed concurrently herewith.

22   4.  Plaintiff's complaint, filed November 23, 2011, is dismissed.

23   5.  Plaintiff is granted twenty-eight days from the date of service of this order to

24   file an amended complaint that complies with the requirements of the Civil Rights Act, the

25   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

26   bear the docket number assigned to this case and must be labeled "Amended Complaint";

1   plaintiff must use the form complaint provided by the court; failure to file an amended complaint

2   in accordance with this order will result in a recommendation that this action be dismissed

3   without prejudice.

4         6.  The Clerk of the Court is directed to provide plaintiff with a copy of the form

5   complaint for a civil rights action by a state prisoner.

6   DATED: June 5, 2012.

7

8   _____

9   DAD:4                 DALE A. DROZD

    froe03207.reopen+     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26